## FIRST NATIONAL BANK OF HARTFORD, EXTR.
*vs.*
## BARBARA BECKENDORF, ADMX.
(Appeal from Probate, Estate of Agnes D. Beckendorf)

Superior Court　　　　Hartford County　　　　File No. 64626

MEMORANDUM FILED MARCH 19, 1941.

*Robinson, Robinson & Cole,* of Hartford, and *Edward J. Myers,* of Winsted, for the Plaintiff.

*Richard H. Deming,* of Hartford, for the Defendant.

MUNGER, J.  The defendant has moved to erase the appeal on the ground that the First National Bank of Hartford, as executor, has taken the appeal from a decree of the probate court denying the admission to probate of the will of Agnes D. Beckendorf in which the appellant was named as executor. The appellant was also in the will, which has been filed in connection with this motion, as appears by the terms thereof, named as trustee of a trust set up in the will.

The precise question to be determined is whether or not an executor of a will is a person aggrieved within the meaning of our statutes and has a right to appeal from a denial of admission of the will to probate.  It is unnecessary to state that it has been the long established practice in this State for such appeals to be taken.  In *Avery's Appeal,* 117 Conn. 201, this right of appeal is expressly recognized.  In this case the court says (p. 203) : "It is also the duty of the executor named in a will to present it for probate and endeavor to procure its admission, and this includes a right of appeal from a decision of the Court of Probate refusing to admit it."  It is said that this is *obiter.*  In view of the long established practice in this State this court cannot assume responsibility of ignoring this express language.  It must be held to be authority for the present

appeal. Furthermore, the right of appeal is expressly recognized by statute (Cum. Supp. [1935] §1583c). This statute provides for the allowance of reasonable expenses to the executor in supporting or defending against a will on appeal. Clearly this court cannot ignore the plain implication of the right created by this statute.

The motion to erase must be denied.