ESTATE OF HELEN DOW PECK, DECEASED, JOSEPH H. DONNELLY, AD-
MINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 92912. Filed May 7, 1963

*John E. Dowling*, for the petitioner.
*Lawrence A. Wright*, for the respondent.

PIERCE, *Judge:* Respondent determined a deficiency in estate tax
with respect to the above-named estate, in the amount of $2,901.93.
The estate not only challenges said deficiency, but also makes claim to
additional deductions not claimed in the estate tax return, which if
allowed may result in an overpayment of the tax.

The sole issue to be decided is whether the amount of $11,950.77
which was allowed and paid by the administrator to the named exec-
utor of a purported will which was denied admission to probate—
representing attorneys' fees and expenses incurred by said named ex-
ecutor in litigation respecting the decedent's testamentary capacity to
make such purported will—is deductible by the estate as an adminis-
tration expense for Federal estate tax purposes.

The only other issue raised by the petition, which pertained to the
deductibility of claimed additional administration expenses of $1,540,
has been conceded by respondent on brief.

### FINDINGS OF FACT

The evidentiary facts are not in controversy.

The petitioner is the duly appointed and acting administrator of the
estate of Helen Dow Peck, deceased, who died on September 7, 1955,
a resident of the town of Bethel, Conn. The Federal estate tax return
for the estate was filed with the district director of internal revenue
at Hartford, Conn.

The decedent, at the time of her death, was a widow of the age of
85 years. The amount of her gross estate was about $158,000.

In 1941, the decedent executed an instrument which she therein de-
clared to be her Last Will and Testament. This instrument appeared
on its face to have been prepared, executed, and attested in conformity
with the legal requirements for a valid will; and it was never revoked
or canceled by the decedent. The instrument provided first, for pay-
ment of all just debts and funeral expenses of the decedent; secondly,

for two cash bequests of $1,000 each to individuals who were apparently servants of the decedent; and then further provided, so far as here material, as follows:

Third: I give, devise and bequeath to John Gale Forbes all the rest, residue and remainder of my estate, real, personal and mixed of whatsoever name and nature and wheresoever situated.

Fourth: If the said John Gale Forbes be deceased, I direct that my estate be liquidated in part or whole as my executors may determine and the sum be reinvested and the income applied toward the investigation of telepathy among the insane for their understanding and cure. This sum is to be known as The John Gale Forbes Memorial Fund.

Fifth: I direct my executors to be the City National Bank & Trust Company of Danbury, Connecticut and I authorize them to consult with the Rockefeller Foundation toward the appointment of a suitable institution or individual not connected with the Duke University who would be sympathetic in the carrying out of this investigation.

After the decedent's death, the City National Bank & Trust Company of Danbury, which as above shown was designated in said purported will to be the corporate executor thereof, offered the same for probate in the Probate Court for the District of Bethel. The decedent's heirs-at-law opposed admission of the same. The Probate Court thereupon appointed a temporary administrator for the estate; caused an investigation respecting the instrument and the decedent's testamentary capacity to be made by an independent investigator; and then, after a hearing, denied admission to probate of the entire instrument on the grounds that the purported residuary legatee named therein, John Gale Forbes, was a fictitious and nonexisting person; and that the decedent, at the time of executing said instrument, lacked testamentary capacity to make a valid will. Thereupon, said Probate Court appointed the present petitioner, Joseph H. Donnelly, to be the administrator of the decedent's estate; and he has at all times since acted in such capacity.

Said named corporate executor filed an appeal from the order of the Probate Court to the Superior Court of Fairfield County, Connecticut; and there, after a trial *de novo* in accordance with the law of Connecticut, that court entered a judgment dismissing the appeal. The named corporate executor then filed a further appeal to the Supreme Court of Errors, being the highest court of the State of Connecticut; but this court, after a hearing, affirmed the judgment below.

Following the conclusion of this litigation, the named corporate executor requested reimbursement from the administrator of the estate, of amounts which it had incurred for legal fees and expenses in connection with said litigation. The administrator, after consideration, fixed and approved as being just and reasonable, and then allowed and paid to the attorneys of the named executor, part of the amount so claimed—which reduced amount was $11,950.77.

The administrator filed with the tax commissioner of Connecticut, a succession tax return (such succession tax being similar to an inheritance tax) ; and he therein claimed as one of the deductible administration expenses of the estate, the following:

Paid to Driscoll & Lane, Attys.: Fee and disbursements as fixed by the Probate Court in the matter of the Appeal from Probate of the order of the Probate Court denying to Probate an instrument purporting to have been the Last Will and Testament of the deceased—$11,950.77.

The tax commissioner, upon his examination of said return, approved and allowed all of the deductions claimed as administration expenses, including the above-quoted item; and he then computed the amount of the succession tax liability to be $4,196.73, plus interest thereon of $229.76, being a total of $4,426.46. The Probate Court thereupon approved such actions of the tax commissioner, and certified the latter's computation of the tax to be correct. The estate then paid such amount of $4,426.46 for succession tax, plus interest, which had been so determined and approved.

In the Federal estate tax return for the decedent's estate, the above-mentioned litigation expenses were deducted by the administrator as administration expenses of the estate, in the then estimated amount of $7,500. The respondent, in his notice of deficiency, did not allow this claimed deduction.

The final accounting of the administrator and the closing of the estate have been postponed pending the outcome of the present case.

### OPINION

It is our opinion that the Commissioner erred in failing to allow to the estate, as one of its deductions for administration expenses, the item of $11,950.77, which is here involved.

Section 2053 (a) of the 1954 Code provides as follows:

SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001 [Federal estate tax] the value of the taxable estate shall be determined by deducting from the value of the gross estate *such amounts*—

    (1) for funeral expenses,

    (2) *for administration expenses,*

    (3) for claims against the estate, and

    (4) for unpaid mortgages on, or any indebtedness in respect of, * * * [certain property],

*as are allowable by the laws of the jurisdiction,* whether within or without the United States, under which the estate is being administered. [Emphasis supplied.]

The General Statutes of Connecticut provide, so far as here material, as follows:

Sec. 45–163. Executor to exhibit will for probate. Every executor having knowledge of his appointment shall, within thirty days next after the death of the testator, exhibit the will for probate to the court of probate of the district where the testator last dwelt; and every executor neglecting to do so shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both.

\* \* \* \* \* \* \*

Sec. 45–167. Hearing required before proving or rejecting a will. Notice. Any court of probate shall, before proving or disapproving any last will and testament, or codicil thereto, hold a hearing thereon, of which notice, either public or personal or both, as the court may deem best, has been given to all parties known to be interested in the estate, unless all parties so interested sign and file in court a written waiver of such notice, or unless the court, for cause shown, dispenses with such notice; \* \* \*.

\* \* \* \* \* \* \*

Sec. 45–185. Expenses of executor or administrator in will contest. *The court of probate* having jurisdiction of the testate estate of any person *shall allow to the executor* his just and reasonable expenses in defending the will of such person in the probate court, *whether or not the will is admitted to probate:* and, *if there is an appeal from the order or decree of such court,* admitting or refusing to admit to probate the will of such person, *shall allow to the executor* or administrator his *just and reasonable expenses* in supporting and maintaining or defending against such will, *on such appeal,* and such expenses shall be charged by such court pro rata against the respective rights or shares of the devisees and legatees under such will and the distributees of such estate.

\* \* \* \* \* \* \*

Sec. 45–273. Distribution of intestate estates.—Intestate estates, *after deducting expenses and charges,* shall be distributed by the administrator or other fiduciary charged with the administration of the estate; \* \* \* [Emphasis supplied.]

The above-quoted Connecticut statutes clearly show: (1) That it was the duty and obligation of the named executor of the decedent's purported will to submit that instrument for probate; (2) that under section 45–185, it was the duty of the Probate Court having jurisdiction of the estate, to allow to said named executor its just and reasonable expenses in defending the purported will in the Probate Court and also on appeal, "whether or not the will is admitted to probate"; and (3) that thereafter such expenses are chargeable *pro rata against the shares of all distributees* of the estate (rather than against merely the shares of the particular distributees who had objected to the admission of the purported will to probate)—in the same manner that all other allowable expenses and charges of the estate are deductible under section 45–273, before the shares of the intestate estate become distributable.

In the instant case, the duly appointed administrator fixed the just and reasonable amount of the litigation expenses to be allowed to the named executor; and he then actually paid the same. Also the State tax commissioner allowed the amount of these litigation expenses as a deductible administration expense, in computing the State

succession tax; and the Probate Court then approved such allowance. In the absence of any evidence to the contrary, it is to be presumed that all these officials acted in accordance with the State law.

Moreover, it is our opinion that the litigation expenses so allowed and paid, were essential to the proper settlement of decedent's estate. For until it had been finally adjudicated that the decedent lacked testamentary capacity to make the purported will, it could not be determined with certainty whether she had died testate or intestate; or whether the estate should be administered by the named executor, or by an appointed administrator; or what persons were entitled to have the beneficial interests in said estate. The Connecticut courts have recognized that an executor of a purported will has the duty to present the same to probate and endeavor to procure its admission, and this includes a right of appeal from a decision of the court of probate refusing to admit it. *First National Bank of Hartford, Executor*, v. *Barbara Beckendorf, Administratrix*, 9 Conn. Supp. 223. To the same effect see *In re Avery*, 177 Conn. 201, 167 Atl. 544. In the instant case, where the amount of the decedent's gross estate was approximately $158,000, it would appear that the above principle is particularly applicable.

We decide the issue in favor of the petitioner.

*Decision will be entered under Rule 50.*