ESTATE OF CHRISTINE SWAYNE, DECEASED, NOAH H. SWAYNE, AD-MINISTRATOR, C.T.A., D.B.N., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2210–63. Filed November 20, 1964.

Noah H. Swayne, pro se.
*Lawrence A. Wright*, for the respondent.

BRUCE, *Judge:* Respondent determined a deficiency in the estate tax of petitioner in the amount of $10,191.06. Respondent on brief concedes that administration expenses in the amount of $15,000 paid to the guardian *ad litem* under the will of December 12, 1956, are deductible. The remaining issues are: (1) Whether a legal fee incurred by an executor-beneficiary under a will in litigating and settling the will's contest is deductible as an administration expense under section 2053(a) of the Internal Revenue Code of 1954;[1] and (2) whether expenses incurred in the sale of decedent's residence are deductible as administration expenses under section 2053(a).

### FINDINGS OF FACT

All of the facts have been stipulated, and are found accordingly. The stipulation of facts and the exhibits attached to the stipulation are incorporated by this reference.

Christine Swayne (hereinafter referred to as decedent) died a resident of Darien, Conn., on December 4, 1959, at the age of 85, leaving Noah H. Swayne, her only child, surviving heir. The Federal estate tax return for the estate of Christine Swayne (hereinafter referred to as petitioner) was filed with the district director of internal revenue at Hartford, Conn., on April 4, 1961, by Noah in his capacity as administrator.

Prior to her death, decedent executed two wills. One will was executed on December 12, 1956, and one was executed on May 8, 1957.

The will dated December 12, 1956, provided as follows:

I, CHRISTINE SIEBENECK SWAYNE, of the Town of Darien, County of Fairfield, and State of Connecticut, being of a sound and disposing mind, memory, and understanding, do hereby make, ordain, publish, and declare the following to be my Last Will and Testament, hereby, revoking, cancelling, and annulling any and all former Wills and Codicils by me heretofore at any time made.

\*     \*     \*     \*     \*     \*     \*

---

[1] Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954.

192

[Articles First, Second, and Third relate respectively to the payment of debts, funeral expenses, and administration expenses, to the bequest of tangible personal property, and to a specific bequest to an employee of the decedent.]

FOURTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever the same may consist and wheresoever situated, including any legacy or bequest which may for any reason lapse or fail, (all of which is hereinafter collectively referred to as "my residuary estate",) I dispose of as follows:

A. If my son, NOAH H. SWAYNE, III, survives me, then I give, devise and bequeath said "my residuary estate" to my Trustees or Trustee hereinafter named, IN TRUST, NEVERTHELESS, for the following uses and purposes: To hold, manage and invest the same and keep the same invested and productive of income, and after paying from income all the expenses of the trust, including the compensation of the Trustees or Trustee, to pay over the net income derivable therefrom as often as quarterly to, or in the absolute discretion of my Trustees or Trustee, from time to time to expend the same or any portion thereof for the benefit of my said son during his natural life.

B. Upon the death of my said son, Noah H. Swayne, III, if he survives me, I dispose of the then principal of the trust hereby created, or at my death, if my said son does not survive me, I dispose of said "my residuary estate", as follows:

1. I give, devise and bequeath one third thereof absolutely to the issue of my said son living at the death of the survivor of my said son and myself, the same to be divided among them per stirpes.

2. I give, devise and bequeath the balance thereof (or all thereof if my said son shall have no issue living at the death of the survivor of my said son and myself) to the issue of Charles H. Swayne, Jr., and Charlotte Swayne, of McLean, Virginia, living at the death of the survivor of my said son and myself, said issue to be determined as though the said Charles H. Swayne, Jr., and Charlotte Swayne had died prior to the death of the survivor of my said son and myself, the same to be divided among them per stirpes and be theirs absolutely.

FIFTH: I nominate, constitute and appoint THE STAMFORD TRUST COMPANY, a Connecticut banking corporation located in the City of Stamford, County of Fairfield and State of Connecticut, and having a branch in the said Town of Darien, to be the Executor of this my Will, without bond.

I nominate, constitute and appoint said THE STAMFORD TRUST COMPANY and ALAN M. MacCRACKEN, of Greenwich, Connecticut, to be the Trustees under this my Will, and I direct that no bond be required of either of them as such. I further direct that no vacancy shall be considered to exist in the Trusteeship under this my Will so long as the said THE STAMFORD TRUST COMPANY shall be so acting, and that all powers, discretion and authority vested in my said Trustees shall be vested in and shall be exercised by the said THE STAMFORD TRUST COMPANY alone if it shall be acting as sole Trustee hereunder.

[Articles Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh relate to the powers and duties of the executor and/or trustees to manage, sell, exchange, or dispose of property.]

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Cocoa Florida this 12 day of December, A.D., 1956.

(S)   CHRISTINE SIEBENECK SWAYNE   L.S.

As is herein material, decedent's will dated May 8, 1957, provided as follows:

I, CHRISTINE SWAYNE of the Town of Darien in the County of Fairfield and State of Connecticut, make this will, hereby revoking all wills and codicils heretofore by me made.

I. I direct that my funeral expenses and all my debts, except such as shall at the time of my death be secured by mortgage, be paid from my personal estate.

II. I give and bequeath all my tangible personal property to my son, NOAH H. SWAYNE, of said Darien, if living at my death, otherwise to my granddaughter, SALLY MAURY SWAYNE, if living at my death, and otherwise to her issue.

III. I give and devise my residence, known and designated as #13 Searles Road in said Darien, to my said son, NOAH H. SWAYNE, and otherwise to my said granddaughter, SALLY MAURY SWAYNE.

IV. I give and bequeath the sum of five thousand dollars, each, to CHARLES H. SWAYNE, JR. and CHARLOTTE SWAYNE CHRISTENSEN, distant cousins of my late husand, to be theirs absolutely.

V. All of the rest, residue and remainder of my estate, both real and personal, of whatsoever the same may consist and wheresoever the same may be situated, together with all property and estate over which I may have the right or power of appointment or disposition, I give, devise and bequeath to my said son, NOAH H. SWAYNE, if living at my death, to be his absolutely, and otherwise I give, devise and bequeath the same to THE STAMFORD TRUST COMPANY, a Connecticut banking corporation having it's [sic] principal office in the City of Stamford, it's [sic] successors and assigns IN TRUST, and upon the following uses and trusts, viz:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

2. To pay over the net income therefrom, as received, at monthly intervals, to MARY GORDON SWAYNE, wife of my said son, so long as she lives.

3. After the death of the said MARY GORDON SWAYNE, I give, devise and bequeath said rest, residue and remainder of my estate to my said granddaughter, SALLY MAURY SWAYNE, to be hers absolutely, if she survive me, and otherwise to her then living issue, in equal shares, per stirpes and not per capita, to be theirs absolutely, and in default of such issue I give, devise and bequeath said rest, residue and remainder of my estate to said CHARLES H. SWAYNE, JR. and said CHARLOTTE SWAYNE CHRISTENSEN, in equal shares, to be theirs absolutely, if living at my death, and otherwise to their issue in equal shares, per stirpes and not per capita.

VI. I appoint my said son, NOAH H. SWAYNE, executor of this will, if then living, otherwise my said granddaughter, SALLY MAURY SWAYNE, and I direct that only a nominal bond be required of either.

I hereby authorize and empower my said executor or my said executrix, as well as any administrator with this will annexed who may hereinafter be appointed in this or in any other state, to sell and convey any or all real estate or interest therein of which I may die possessed and I direct that this power of sale shall be without obligation on the part of my said executor or my said executrix ONLY to give any bond whatsoever for the proper application of the purchase money.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal at Darien, Connecticut, this 8 day of May, 1957.

(S) CHRISTINE SWAYNE (L.S.)

On December 7, 1959, Noah, as executor named therein, offered the will dated May 8, 1957, for probate to the Court of Probate for the District of Darien. Then on January 22, 1960, the Fairfield County Trust Co., successor to the Stamford Trust Co., as executor named

therein, presented the will dated December 12, 1956, for probate to the Probate Court for the District of Darien.

On February 26, 1960, the Court of Probate for the District of Darien entered an order providing:

ESTATE of CHRISTINE SWAYNE, also known as Christine Siebeneck Swayne, late of Darien, in said District, deceased.

In the matter of a certain instrument bearing date the 8th day of May, 1957, purporting to be the last will and testament of Christine Swayne, deceased, which was duly presented to this Court for probate on the 7th day of December, 1959, by Noah H. Swayne, executor named in said instrument.

\* \* \* \* \* \* \*

ORDERED, ADJUDGED AND DECREED that the instrument so offered and proved constitutes the last Will and Testament of CHRISTINE SWAYNE, also known as Christine Siebeneck Swayne, deceased, valid to pass real and personal estate and that it is duly proved and that it be approved, recorded and kept on file in this Court.

On March 4, 1960, the Court of Probate for the District of Darien entered an order which provided:

ESTATE of CHRISTINE SWAYNE, also known as Christine Siebeneck Swayne, late of Darien, in said District, deceased.

In the matter of a certain instrument bearing date the 12th day of December, 1956, purporting to be the last will and testament of Christine Swayne, also known as Christine Siebeneck Swayne, deceased, which was duly presented to this Court for probate on the 22nd day of January, 1960, by The Fairfield County Trust Company, formerly The Stamford Trust Company, executor named in said instrument.

\* \* \* \* \* \* \*

This Court finds that the instrument offered for probate was revoked by a subsequent will dated the 8th day of May, 1957, admitted to probate on February 26th, 1960. It is,

ORDERED, ADJUDGED AND DECREED that the application for the probate of the said instrument bearing date the 12th day of December, 1956, be and the same is hereby denied.

On March 11, 1960, Charles, Charlotte, and Howard S. Tuthill as guardian *ad litem* for Charles' and Charlotte's minor and unborn issue, filed appeals from these decrees of the probate court to the Superior Court for the County of Fairfield, State of Connecticut. On February 21, 1961, Noah entered into a compromise agreement with Charles, Charlotte, and Tuthill which, as herein material, provided:

THIS AGREEMENT made this 21st day of February, 1961, by and between NOAH H. SWAYNE, of Darien, Connecticut, individually and as Executor under an instrument dated May 8, 1957 purporting to be the Last Will and Testament of Christine Swayne, deceased, party of the first part; CHARLES H. SWAYNE, JR., of 509 King Lane, Garland, Texas, individually and as natural guardian of his minor children hereinafter named, and CHARLOTTE SWAYNE CHRISTEN-SEN, of 936 East Fifth Street, Stuart, Florida, individually and as natural guardian of her minor children hereinafter named, parties of the second part; and HOWARD S. TUTHILL, of Stamford, Connecticut, as guardian ad litem for Charles H. Swayne III, Dayl Swayne, Shirley Swayne and Virginia Teresa

Swayne (the minor children of Charles H. Swayne, Jr.), and Ann Christensen, Karen Christensen and Robert Christensen (the minor children of Charlotte Swayne Christensen), minors, and for persons undetermined or unborn having an interest in the Estate of said Christine Swayne, deceased, party of the third part,

\* \* \* \* \* \* \*

WHEREAS, The Fairfield County Trust Company (formerly The Stamford Trust Company) has declined to accept the appointment as Executor of the 1956 Will; and

WHEREAS, said The Fairfield County Trust Company and Alan M. Mac-Cracken, of Greenwich, Connecticut, have declined to accept the appointment as Trustees under the 1956 Will; and

WHEREAS, owing to the perplexity of the issues of law and fact and because of the uncertainty of the outcome of trial, the parties hereto believe that it would be to the best interest of the estate to adjust by compromise the said controversies;

Now, THEREFORE, subject to approval by said Superior Court for the County of Fairfield and to become effective only as hereinafter state, it is mutually agreed as follows:

1. A judgment may be duly entered in the appeal from the order dated February 26, 1960 of the Probate Court for the District of Darien (civil action No. 2372), reversing said order and determining that the instrument dated May 8, 1957 offered for probate as the Last Will and Testament of the Testatrix is not such Last Will and Testament and is not valid to pass real and personal estate.

2. A judgment may be duly entered in the appeal from the order dated March 4, 1960, of the Probate Court for the District of Darien (civil action No. 2373) reversing said order and determining that the instrument dated December 12, 1956 offered for probate as the Last Will and Testament of the Testatrix is such Last Will and Testament and valid to pass real and personal estate; provided, however, that upon the death of the party of the first part (named in said 1956 Will as "Noah H. Swayne, III"), the principal of the residuary trust fund established under Article Fourth of said 1956 Will shall be distributed as follows, instead of in accordance with the provisions of subdivision B of Article Fourth of said 1956 Will:

(a) Sixty-eight per cent (68%) of said residuary trust fund shall be transferred and paid over to the then living issue, per stirpes, of Noah H. Swayne,

(b) Thirty-two per cent (32%) of said residuary trust fund (or all thereof if there shall be no issue of Noah H. Swayne then living) shall be transferred and paid over to the then living issue, per stirpes, of Charles H. Swayne and Charlotte Swayne, presently of McLean, Virginia.

3. All of the parties hereto will join in an application to the Court of Probate for the District of Darien for the appointment of Noah H. Swayne as Administrator with the Will annexed of the Testatrix's estate and as sole Trustee under said 1956 Will, \* \* \*

On March 3, 1961, the Superior Court for the County of Fairfield, State of Connecticut, entered an order approving this compromise agreement, which so far as material, is as follows:

The parties having jointly made a "Motion for Approval of a Compromise Agreement (dated February 21, 1961) and for Entry of Judgment in Accordance Therewith" as on file, the Court, having heard the parties, finds the issues as follows:

1. The Compromise Agreement * * * is hereby approved and the same is found to be just and reasonable in its effect upon the interest in the Estate of Christine Siebeneck Swayne of minors and all others, including persons undetermined or unborn, and the Court finds that judgment in accordance with said Compromise Agreement is for the best interests of said minor parties and for said unborn issue and for said persons undetermined or unborn having an interest in said Estate; and it is adjudged that said Compromise Agreement is valid and binding upon all such persons, and this judgment shall be final and binding without right of appeal on all parties to said Agreement as well as upon said minors and persons undetermined or unborn.

2. In the appeal from the said order and decree dated February 26, 1960, of the Probate Court for the District of Darien, Docket No. 2372, said appeal is sustained and said order and decree is hereby reversed, and it is adjudged that the instrument dated May 8, 1957, (Exhibit B annexed to said Motion) offered for probate as the alleged Last Will and Testament of Christine Siebeneck Swayne, deceased, is not her Last Will and Testament and is not valid to pass real and personal estate.

3. In the appeal from the said order and decree dated March 4, 1960, of the Probate Court for the District of Darien, Docket No. 2373, said appeal is sustained and said order and decree is hereby reversed, and it is adjudged that the instrument dated December 12, 1956, (Exhibit A annexed to said Motion) offered for probate as the Last Will and Testament of Christine Siebeneck Swayne, deceased, is her Last Will and Testament and is valid to pass real and personal estate; and it is further adjudged that, in accordance with said Compromise Agreement, upon the death of Noah H. Swayne, the principal of the residuary trust fund established under Article Fourth of the said Will dated December 12, 1956, shall be distributed as follows, instead of in accordance with the provisions of subdivision "B" of Article Fourth of said Will dated December 12, 1956:

(a) Sixty-eight per cent (68%) of said residuary trust fund shall be transferred and paid over to the then living issue, per stirpes, of Noah H. Swayne.

(b) Thirty-two per cent (32%) of said residuary trust fund, or all thereof if there is no issue then living of Noah H. Swayne, shall be transferred and paid over to the then living issue, per stirpes, of Charles S. [sic] Swayne and Charlotte Swayne, presently of McLean, Virginia.

On March 10, 1961, Noah was appointed administrator "d.b.n. c.t.a." by order of the Probate Court for the District of Darien.

In his capacity as executor of the estate, Noah paid Brennan, Dichter and Brennan $25,000 as trial counsel fees. This expenditure was allowed as an administration expense by the Court of Probate for the District of Darien by order dated January 17, 1962, approving Noah's application for allowance of his accounting of the estate. This expenditure also was allowed as a deduction in computing petitioner's State succession tax by the State tax commissioner in his succession tax computation filed with the Court of Probate for the District of Darien on July 28, 1961, and approved by that court in its succession tax decree of August 15, 1961. The deduction of this expense on petitioner's Federal estate tax return was disallowed by respondent in his statutory notice of deficiency on the grounds that it represented "attorney's fees incurred by beneficiaries incident to litigation as to their respective interests."

On July 29, 1960, the Court of Probate for the District of Darien entered an order approving Noah's application as executor for authority to sell decedent's residence.   Decedent's residence was sold by Noah on September 8, 1960.   In his statutory notice of deficiency, respondent denied deduction of the following items of expense incurred in connection with the sale of decedent's residence:

| | |
|---|---:|
| Broker's commission, sale of R.E. | $2, 500. 00 |
| U.S.I.R. documentary stamps, sale of R.E. | 55. 00 |
| Expenses for sale and preservation of R.E. | 217. 44 |
| Clean house for closing sale | 60. 00 |
| Trash removal for closing | 15. 00 |
| Total | 2, 847. 44 |

These expense items were disallowed, as explained in respondent's deficiency notice, "as it has not been proven that the sale was necessary to pay debts, the expenses of administration, or taxes, preserve the estate, or to effect distribution."   Each of these expenses, with the exception of the $217.44 expense for sale and preservation of real estate, was claimed by Noah as executor in his accounting of the estate and was approved by the Court of Probate for the District of Darien in its order of January 17, 1962.   The same expenses (with the exception of the item of $217.44) were claimed as deductions by Noah on petitioner's State succession tax return, but were disallowed by the State tax commissioner in his succession tax computation and by the Court of Probate for the District of Darien in its decree of August 15, 1961, approving the State tax commissioner's computation of the tax.

OPINION

The first issue is whether the $25,000 paid by Noah as executor to Brennan, Dichter and Brennan, as trial counsel fees is deductible as an administration expense under section 2053(a) of the Internal Revenue Code of 1954.   Section 2053(a) allows the deduction from the value of the gross estate of expenses of administration to the extent they are allowable by the laws of the jurisdiction under which the estate is being administered.[2]

The General Statutes of Connecticut, so far as material herein, provide as follows:

Sec. 45–163. Executor to exhibit will for probate.   Every executor having

---

[2] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

*       *       *       *       *       *       *

(2) for administration expenses,

*       *       *       *       *       *       *

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

knowledge of his appointment shall, within thirty days next after the death of the testator, exhibit the will for probate to the court of probate of the district where the testator last dwelt; and every executor neglecting to do so shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both.

\*     \*     \*     \*     \*     \*     \*

Sec. 45–167. Hearing required before proving or rejecting a will. Notice. Any court of probate shall, before proving or disapproving any last will and testament, or codicil thereto, hold a hearing thereon, of which notice, either public or personal or both, as the court may deem best, has been given to all parties known to be interested in the estate, unless all parties so interested sign and file in court a written waiver of such notice, or unless the court, for cause shown, dispenses with such notice; \* \* \*

\*     \*     \*     \*     \*     \*     \*

Sec. 45–185. Expenses of executor or administrator in will contest. *The court of probate* having jurisdiction of the testate estate of any person *shall allow to the executor* his just and reasonable expenses in defending the will of such person in the probate court, *whether or not the will is admitted to probate:* and, *if there is an appeal from the order or decree of such court*, admitting or refusing to admit to probate the will of such person, *shall allow to the executor* or administrator his *just and reasonable expenses* in supporting and maintaining or defending against such will, *on such appeal*, and such expenses shall be charged by such court pro rata against the respective rights or shares of the devisees and legatees under such will and the distributees of such estate.

\*     \*     \*     \*     \*     \*     \*

Sec. 45–273. Distribution of intestate estates. Intestate estates, *after deducting expenses and charges*, shall be distributed by the administrator or other fiduciary charged with the administration of the estate; \* \* \*

[Emphasis supplied.]

It is clear that, under the Connecticut Statutes quoted above, the executor named therein was required to exhibit the will dated May 8, 1957, for probate to the probate court having jurisdiction of the estate. It is likewise clear that the probate court was required, under section 45–185 of the Connecticut Statutes, to allow to the executor his just and reasonable expenses incurred in defending such will both in the probate court and on appeal, "whether or not the will is admitted to probate." Respondent agrees that this is so and he has made no contention that the $25,000 paid to Brennan, Dichter and Brennan as attorney fees was not just and reasonable. His sole contention under this issue is that since section 45–185 provides that such expenses shall be charged pro rata against the respective shares of the devisees and legatees they are personal expenses of such individuals and are not "administrative expenses" and therefore do not qualify as a deduction under section 2053(a)(2) of the Internal Revenue Code of 1954. We do not agree.

The above-quoted sections of the General Statutes of Connecticut were considered by this Court in the case of *Estate of Helen Dow Peck*, 40 T.C. 238. In that case, the executor named in a purported will presented the will for probate to the Connecticut probate court having

jurisdiction of the decedent's estate. The probate court denied probate on the ground that the decedent, at the time of executing said instrument, lacked testamentary capacity and appointed an administrator of decedent's estate. The named executor appealed first to the Superior Court and then to the Supreme Court of Errors, the highest court of the State, which affirmed the judgment of the Superior Court dismissing the appeal. The administrator allowed and paid to the named executor an amount considered just and reasonable for legal fees and expenses incurred by the executor in connection with said litigation. The tax commissioner of Connecticut and the probate court allowed and approved the payment of such amount as an administration expense of the estate in computing the State succession tax, and the administrator claimed the same as a deduction in the Federal estate tax return filed for the estate. This Court held that such legal fees and expenses were deductible by the estate as an administration expense for Federal estate tax purposes. We think a similar ruling is required here.

We find no merit in respondent's contention that the *Peck* case is distinguishable by reason of the fact that upon denial of probate of the purported will in that case the estate was administered as an intestate estate distributable "after deducting expenses and charges" as provided by section 45–273 of the Connecticut Statutes, whereas in the instant case *a will* was admitted to probate and the interests of the devisees and legatees determined, against which interests the fees in question are chargeable pro rata as provided by section 45–185 of the Connecticut Statutes. Contrary to respondent's assumption the decision of this Court in the *Peck* case was not made to rest upon section 45–273. What was there said, after reference to section 45–185, was that the expenses there in question were chargeable pro rata against the shares of *all* distributees rather than just those who had objected to the probate of the purported will—*in the same manner* that all other allowable expenses and charges are deductible under section 45–273, before distribution of the intestate estate.

In our opinion, expenses prorated against the shares of all devisees and legatees under section 45–185 of the Connecticut Statutes are as much administration expenses of the estate as expenses deducted before distribution of an intestate estate under section 45–273. This also appears to be the view of the State taxing officials and of the courts in Connecticut. Here, as in the *Peck* case, the State tax commissioner allowed the expense as a deduction in computing the State succession tax, and the probate court approved the fee as an administration expense in the proceeding on the executor's accounting. Here, as in the *Peck* case, it is to be presumed that such officials acted in accordance with the State law.

The fact that Noah's interest as a beneficiary under the rejected will

was somewhat greater than under the accepted will in no way lessened his obligation under section 45–163 of the Connecticut Statutes, as the named executor, to exhibit the rejected will for probate, and the fact that his personal interest coincided with his duty as executor did not, *ipso facto*, render the legal fee in question a personal expense. There is no evidence any part of the fee was incurred by Noah in any capacity other than as executor. Furthermore, the litigation involving the will contest was essential to the settlement of the estate, for until it was determined which will should be probated, proper distribution of the estate could not be made. *Schmalstig* v. *Conner*, 46 F. Supp. 531 (S.D. Ohio); *Estate of Helen Dow Peck, supra.*

We hold that the $25,000 paid by Noah as executor to Brennan, Dichter and Brennan, as trial counsel fees, is deductible by the estate as an administration expense under section 2053(a) of the Internal Revenue Code of 1954.

The second issue is whether certain expenses incurred in connection with the sale of decedent's residence are deductible as administration expenses under section 2053(a). These expenses are described in the estate tax return (Schedule J) and the notice of deficiency as follows:

| | |
|---|---:|
| Broker's commission, sale of R.E. | $2,500.00 |
| U.S.I.R. documentary stamps, sale of R.E. | 55.00 |
| Expenses for sale and preservation of R.E. | 217.44 |
| Clean house for closing sale | 60.00 |
| Trash removal for closing | 15.00 |

Respondent disallowed these expenses on the ground "it has not been proven that the sale was necessary to pay debts, the expenses of administration, or taxes, preserve the estate, or to effect distribution."

Petitioner contends that such expenses were legitimate administration expenses allowable by the laws of the jurisdiction and necessary to the preservation of the estate. In this connection he points to the fact that the sale was authorized by the probate court and that such expenses were allowed by the probate court in approving the executor's account.

Other than the item of $217.44, the claimed expense items were clearly incident to the sale and will be treated together. As to the item of $217.44, this may readily be disposed of at this time as not allowable as a deduction for Federal estate tax purposes. It was not listed as an expense item in the executor's account and was therefore not allowed by the probate court. Nor was it claimed, or allowed by the probate court, in the State tax commissioner's computation of the State succession tax. Other than the characterization of this item as shown on the estate tax return we have been furnished with no evidence as to the nature or purpose of the expenditure which made up the total. Accordingly, the disallowance of this item by respondent must be sustained for want of proof. In reaching this conclusion

we have not been unaware of petitioner's statement, on brief, that "the executor was required to cope with potentially serious repairs, including a leak in the roof, resultant ceiling damage and termite damage." If intended as support for the allowance of the $217.44 item, it is not sufficient, particularly in view of the fact that respondent has not disallowed the following items which appear on Schedule J of the estate tax return:

| | |
|---|---|
| Item 16, repair leak in roof | $30 |
| Item 17, touch up ceiling after leak | 15 |
| Item 19, termite treatment | 425 |

We think that the other items for which deduction is claimed must also be disallowed as deductible administration expenses for Federal estate tax purposes. The Estate Tax Regulations, sec. 20.2053–3(a), provide that:

the amounts deductible from a decedent's gross estate as "administration expenses" * * * are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it.

The regulations further provide that:

A brokerage fee for selling property of the estate is deductible if the sale is necessary in order to (1) pay the decedent's debts, the expenses of administration, or taxes, (2) preserve the estate, or (3) effect distribution. [Sec. 20.2053–3(d).]

Although the probate court authorized the sale of the residence, the application on which the probate court's order was based is not in evidence. The application was not opposed and the only findings made by the probate court were that Noah, the specific devisee (under the will dated May 8, 1957), had consented to the sale, that the allegations of the application were true, and that "there is reasonable cause for granting the same." The validity of the sale is not in question. In the absence of the application on which it was based, or other evidence, the above order is not considered sufficient to establish that the sale of the residence was necessary to pay decedent's debts, the expenses of administration, or taxes, preserve the estate, or effect distribution, as required by section 2053 of the Internal Revenue Code of 1954 and the Estate Tax Regulations thereunder.

As to the allowance by the probate court of the executor's accounting report, this was likewise unopposed. It is also to be noted that these same expenditures had been disallowed by the State tax commissioner as administration expenses in his computation of the State succession tax, and that the probate court had approved the State tax commissioner's action.

*Estate of Louis Sternberger,* 18 T.C. 836, affd. 207 F. 2d 600 (C.A. 2), reversed on other grounds 348 U.S. 187, relied upon by petitioner,

is distinguishable. The decision in that case involved New York law and the argument relied upon by respondent was that the expenses were expenses of the residuary trust created by decedent's will rather than expenses of the administration of decedent's estate. The question whether the sale was necessary was not involved. The two Connecticut cases cited by petitioner are also distinguishable. *State ex rel. Hartford-Connecticut Trust Co.* v. *United States Fidelity & Trust Co.*, 105 Conn. 230, 135 A. 44, involved apportioning liability on a fiduciary bond between two sureties. *Corbin* v. *Townsend*, 92 Conn. 501, 103 A. 647, involved the question whether inheritance taxes paid various States other than Connecticut and the Federal estate tax were deductible as administration expenses in computing the State succession tax. Neither case is relevant to the question whether the expenses in the instant case are allowable as administration expenses under Connecticut law or is controlling as to whether or not these expenses were necessarily incurred.

In addition to the claimed deductions for attorneys' fees and expenses of sale, involved in the first and second issues, petitioner requests, in its petition and on brief, that it be allowed to deduct the reasonable expenses incurred in prosecuting this case. Respondent does not oppose petitioner's request and such expenses will be allowed under the Rule 50 computation.

*Decision will be entered under Rule 50.*