Samuel M. Gold, J.
The main motion was made by the trustees seeking a construction of the trust in the following respects: whether the accumulated yearly income is payable to the infant, the heir of the grantor, as a distributee under intestacy; whether the trustees may permit the infant to remain in the co-operative apartment maintained by the grantor at the time of his death; whether the trustees may be permitted to pay the charges required for the upkeep of the apartment; whether the trustees may be permitted to pay the living expenses of the infant consistent with his standard of living which existed prior to the death of the father, the grantor of the trust; whether such payments shall be from corpus or income and shall be exclusive of the discretionary provision contained in the trust agreement and whether such payments may be made to the mother. By order of March 1, 1962 there is also included for determination the question of the use of accumulations from the trust pursuant to section 17 of the Personal Property Law.
The present motion is by the mother and natural guardian of the infant seeking a direction that the trustees make payment to the mother and natural guardian for the use of the infant of the sum of $955 per month together with proper Federal and State taxes on said amount, reimbursement to the mother in the stated sum advanced by her for the use and benefit of the infant, fixing allowances and directing the payment of the expenses of the hearings held before the Referee. The assets of the estate, the yearly income, the needs of the infant and the assets of the mother have been fully reported after investigation and hearing. The Referee has reported that the infant was and is being maintained and educated at the cost and rate of $955 monthly, which, together with Federal and State taxes, amounts to a total of $15,730. The estimated income of the trust for 1962 was $10,877. The trust indenture provides: * ‘ article five : Anything herein contained to the contrary notwithstanding, the Trustees shall, after the death of Grantor, at any time and from time to time, pay over to or apply for the benefit of lance daryl garcy so much or all of the principal or income of the trust but not to exceed Five Thousand ($5,000.00) Dollars in any one calendar year, as the Trustees may, in their absolute discretion, deem advisable, which payments shall then be made by the Trustees and such payments shall be absolute and free from all Trusts, and the judgment of the said Trustees shall be final and conclusive upon all persons interested or who may become interested *996 in my Estate, or such Trust, and upon making any such payments, the Trustees shall be fully released and discharged from all further liability or accountability therefor.” It is the position of the special guardian that ‘1 By Article ‘ Five ’ of the Trust Agreement the right of invasion is limited to $5,000 out of principal or income. Assuming that this Court permits the entire income from the trust to be applied toward the education, maintenance and support of the said infant, it would appear that no further invasion against principal may be made and that the infant must be maintained at a level not in excess of the maximum yield of the income from the said trust, inclusive of taxes. Tour deponent recommends accordingly and further that the maximum to be applied for said purposes be limited to $15,730 inclusive of taxes, in the event the income from the trust should exceed that amount.” Since the invasion may be made of income or principal and the infant is to have the benefit of section 17 of the Personal Property Law, the trustees are authorized and directed to make payment out of income, and out of principal to the extent of $5,000, and to a total sum annually not to exceed $15,730 inclusive of taxes.
The mother and natural guardian is a party to this proceeding, and the recommendation to direct repayment to her of advances made for the infant is approved.
The attorneys for the mother and natural guardian request an allowance for services rendered for the benefit of the infant. While representing the mother on her claim for reimbursement, they also represented her as guardian for the infant to develop the measure of protection to which the infant is entitled, and an award to them is therefore proper.
The co-operative apartment is personalty. The trust indenture granted to the trustees the following power: “ to retain for such period as it shall deem proper any property received in trust hereunder ’ ’. It is stated on behalf of the trustees that ‘1 Up to the present time, the Trustees have deemed it proper to retain this apartment in order to permit the infant beneficiary of the trust to be maintained in it and the said Trustees desire that their judgment to retain this asset be confirmed by the Court. ’ ’ This is proper relief sought by the main motion. It is essential to the infant; otherwise the usefulness of the payments for his benefit would become impaired. Retention and payment of charges required for upkeep are permitted and approved.
The trustees also approve the recommendations of the special guardian that the entire income of the trust be paid over for the benefit of the infant until he attains his majority. Apparently *997 no objection is raised as to the manner in which total payment annually up to $15,730 is made, and such payment is approved as above indicated and will be made in the same manner as heretofore.
The motion is disposed of accordingly.