■ In the Matter of the Trust Made by LESTER GARCY. EDWARD V. LOUGHLIN, as Guardian ad Litem of LANCE D. GARCY, an Infant, et al., Appellants; ILSE GARCY, as Mother and Natural Guardian of LANCE D. GARCY, Cestui Que Trust, Respondent.— Order, entered on February 5, 1963, construing the trust agreement and, *inter alia,* directing reimbursement to Ilse Garcy, the mother of the infant beneficiary, unanimously modified, on the law and in the exercise of discretion to the extent of (1) striking that portion of the order as directed the trustees to pay the sum of $955 monthly for the maintenance, education and support of the infant beneficiary; (2) denying reimbursement to the said Ilse Garcy; (3) remanding the matter to Special Term for it to re-examine into the amount of money necessary for the maintenance, education and support of the infant beneficiary and the capacity of Ilse Garcy to provide therefor and (4) denying counsel fees to the attorneys for said Ilse Garcy, without prejudice to a reapplication therefor at the conclusion of the rehearing here directed and as so modified is otherwise affirmed, without costs. The primary obligation for the support of a child is on the father (*Santasiero* v. *Briggs,* 278 App. Div. 15; Family Ct. Act, § 413; Domestic Relations Law, § 32, subd. 2; former Children's Ct. Act, § 31, subd. 1). That obligation, however, terminates upon the death of the father and then it becomes the mother's obligation to support the infant (Family Ct. Act, § 414; Domestic Relations Law, § 32, subd. 3; former Children's Ct. Act, § 31, subd. 2). Thus, in this case the mother, in furnishing support for the infant after the father's death, was merely discharging

her legal obligation to do so. Since the funds were so disbursed she ought not be reimbursed therefor. Nor on the state of this record can a determination be made as to whether the trust should be required to bear the cost of the future support of the infant child. The trust may only be invaded for such purpose if it be demonstrated that the infant "be destitute of other sufficient means of support or education." (Personal Property Law, § 17, subd. 1.) In order to determine whether the infant is so "destitute" the financial capacity of the mother must be determined. However, no finding was made as to such capacity nor does the record indicate that such question was even explored at the hearings. A remand of this matter for such purpose is required. In addition, we note that the examination into the question of the amount of support necessary for the infant was almost of a consensual nature, without cross-examination or in any other manner testing whether the figures advanced by the mother are a fair representation of the needs of the child. It is also our opinion that in the event support payments from the trust are decreed they should not be made to the mother in the manner provided for in the order appealed from. The clearly expressed intention of the settlor was that no part of the trust assets be used for the mother's benefit. While it may be necessary as a practical matter to give funds to the mother — in the light of the infant's residence with her — a better method would appear to be available. The mother should be required to demonstrate to the trustees a need of funds for a particular purpose rather than have the total amount sent to her periodically as a matter of course. In this manner the interests of the infant will be served with minimal damage to the intention of the settlor. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ. [38 Misc 2d 994.]