Leon Schwerzmann, Jr., S.
The preliminary executor of this estate, in doubt as to his right to sell real property under letters which are silent on the point, has applied for an order granting him this authority. The question, of course, is whether such an order is necessary.
In redefining and enlarging the powers of a preliminary executor under EPTL 11-1.1, the revisers neglected to repeal or change the language of the former statute on the subject, SCPA 1412 (subd. 3). As a result, there now exist two wholly unco-ordinated provisions relating to the powers of a preliminary executor, where one would have been ample. Although worded dissimilarly, both EPTL 11-1.1 and the second sentence of SCPA 1412 (subd. 3) clearly confer upon a preliminary executor the right to sell real property of the estate without authorization of the court. EPTL 11-1.1 (subd. [a], par. [3]) specifically provides that the term ‘ ‘ fiduciary ’ ’ as used in that section “ means * * * preliminary executors ”. Among the powers which a fiduciary is expressly authorized to exercise under subdivision (b) thereof “ in the absence of contrary or limitmg provisions in the court order or decree appointing [the] fiduciary, or in a subsequent order or decree ” (emphasis supplied), is the power “ to sell ” any “ property * * * owned *553 by [the] estate * * * except where such property * * * is specifically disposed of ” (subd. [b], par. [5], subpar. [B]). The second sentence of SCPA 1412 (subd. 3) grants the identical power by reference to the powers of an administrator. It provides that preliminary letters testamentary “ shall confer upon the person named therein * * * all the powers and authority * * * of an administrator ” subject to certain exceptions not pertinent here. And, of course, one of the powers which an administrator is statutorily authorized to exercise is the power to sell real property under EPTL 11-1.1 (subd. [b], par. [5], subpar. [B]).
The court notes that one learned commentator on the subject would somehow read into the last sentence of SCPA 1412 (subd. 3), an incongruous provision authorizing the court to confer the powers of a temporary administrator upon a preliminary executor, the intent to except or exclude the power to sell real property from the powers otherwise granted a preliminary executor under that paragraph (McKinney’s Cons. Laws of N. Y., Practice Commentary, SCPA 1412, p. 350). Unfortunately, the commentator has overlooked the changes effected by EPTL 11-1.1. Not only has the provision which he is construing been superseded and impliedly repealed by both EPTL 11-1.1 (subd. [b], pars. [1]-[10], [14]-[18], [22]-[23]) and EPTL 11-1.1 (subd. [b], par. [23]; subd. [c]), but the intent he would read into it is expressly negated by EPTL 11-1.1 (subd. [b], par. [5], subpar. [B]). Moreover, the reference in the last sentence of SCPA 1412 (subd. 3) is not to any specific power, but rather to “ all of the power with respect to real or personal property that the court is authorized by this act to confer upon a temporary administrator ” (emphasis supplied). By attributing to but a part of the powers which the court may confer upon a temporary administrator under SCPA 903 and 904, a preclusive effect which he would deny to all other powers conferable thereunder, the commentator is reading contrary intents into the same provision.
The court concludes that under the provisions of both EPTL 11-1.1 (subd. [b], par. [5], subpar. [B]) and the second sentence of SCPA 1412 (subd. 3), a preliminary executor is authorized to sell virtute officii any real property of the estate which has not been specifically disposed of, unless and to the extent that he has been limited or prohibited therefrom by the will, by other instrument or by the appointing court. As the authority herein requested is unnecessary, the petition is dismissed.