ESTATE of Mary F. Colton PARK, Detroit Bank and Trust Company, Administrator with Will Annexed, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 72-1710.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1972.

Decided March 21, 1973.

James E. Beall, Detroit, Mich., on brief, for appellant.

Charles Anderson, Washington, D. C., for appellee; Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, PECK and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This is an estate tax case in which the petitioner, the Detroit Bank and Trust Company, as administrator with will annexed, of the Estate of Mary F. Colton Park, challenges the Internal Revenue Commissioner's determination, as affirmed by the Tax Court, that certain expenses incurred in the administration of the estate are not deductible under 26 U.S.C. § 2053(a) (1971).[1] The petitioner challenges the Commissioner's determination on the grounds that the regulations issued under 2053(a) (on the basis of which the claimed deductions were disallowed) are invalid, and that in any event the petitioner properly complied with them. For reasons set out below we hold that the Commissioner was in error and that the decision of the Tax Court must be reversed.

The basic facts are not in dispute. The Detroit Bank and Trust Company is

---

1. The Tax Court's opinion is reported at 57 T.C. 705 (1972).

the duly appointed administrator with will annexed of the estate of Mary F. Colton Park. The decedent died testate on March 1, 1968, and her will was admitted to probate on March 8, 1968. At the time of her death she owned two houses, one a residence located in Grosse Pointe Farms, Michigan (the residence), and the other a cottage located in Sanilac County, Michigan (the cottage). Her probate estate consisted of:

| | |
|---|---:|
| Residence | $ 52,000.00 |
| Cottage | 24,750.00 |
| U.S. Savings Bonds, Series E | 24,069.62 |
| 350 Shares Continental Associates, Inc. common stock | 350.00 |
| Cash in bank account | 1,807.45 |
| Social Security benefit | 97.90 |
| Income on hand and accrued due deceased's estate from Trust Accounts | 6,625.55 |
| Household furniture at 253 Lewiston Road | 5,841.25 |
| Household furniture and personal effects at 2315 Lake Shore Road | 250.00 |
| Jewelry | 2,090.75 |
| Refund of overpayment of 1967 Federal income tax | 347.61 |
| Proceeds from Connecticut General annuity policy | 5,004.38 |
| | $123,234.51 |

The residence and the cottage passed to the decedent's four surviving sons under the residuary clause of her will. The four sons determined that they were not interested in retaining these properties and requested the administrator to sell them. The administrator was given the full power in the will to sell real estate. The cottage was sold on August 1, 1968, for $25,000. A $10,000 down payment was made and the remainder was to be paid in monthly installments of $150. In connection with this sale, $1,935 in expenses were incurred. The residence was sold on March 24, 1969, for $53,000. $50,000 was paid in cash, with the balance to be paid directly to the heirs. The petitioner incurred $2,350.30 in expenses in connection with this transaction. On September 16, 1968, the petitioner made a partial distribution from the estate to the four sons of $14,000. On April 7, 1969, the

petitioner made another partial distribution to the sons of $40,000.

As of the date of decedent's death the following were the claims against the estate:

| | |
|---|---:|
| Funeral expenses | $ 2,256.75 |
| Various debts contracted by decedent | $ 2,230.33 |
| Federal estate tax liability as disclosed on Form 706 | $15,257.31 |
| Michigan inheritance tax | $ 1,425.00 |

The probate court in the annual accountings filed on March 1, 1969, and March 1, 1970, approved the deductions from principal of the estate for the following:

| | |
|---|---:|
| Administrative expenses | $ 9,235.29 |
| Claims | 2,472.24 |
| Taxes | 17,910.60 |
| Miscellaneous | 1,135.69 |
| | $30,753.82 |

The administrative expenses listed in the probate accountings included the expenses incurred for property taxes and maintenance costs for the two properties, aggregating $2,237.88. Other items approved by the Probate Court as administrative expenses consisted of the amounts incurred in selling the properties, principally brokerage fees. These expenses, aggregating $4,285.30, were disallowed by the Commissioner and this ruling, challenged here, was affirmed by the Tax Court.[2]

Section 2053(a) provides that "administration expenses" are deductible "as allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered." Treasury Regulation 26 C.F.R. § 20.2053–3(a) provides:

(a) *In general.* The amounts deductible from a decedent's gross estate as "administration expenses" of the first category (see paragraphs (a) and (c) of § 20.2053–1) are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is,

---

2. The respondent does not question that these expenses are proper claims to be

paid out of estate assets under Michigan law.

in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and transfer of the property of the estate to individual beneficiaries or to a trustee, whether the trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in paragraphs (b) through (d) of this section.

Treasury Regulation, 26 C.F.R. § 20.-2053–3(d)(2) provides in part:

> (2) Expenses for selling property of the estate are deductible if the sale is necessary in order to pay the decedent's debts, expenses of administration, or taxes, to preserve the estate, or to effect distribution. The phrase "expenses for selling property" include brokerage fees and other expenses attending the sale, such as the fees of an auctioneer if it is reasonably necessary to employ one.

The Tax Court concluded that the petitioner failed to carry its burden of proof that the expenses incurred in the sale of the property were "necessary" for the administration of the estate, to pay debts or taxes, to preserve the estate, or to effect distribution, relying upon the regulations quoted above. It reasoned that the sale of the real estate was for the sole benefit of the beneficiaries and not deductible. Although the Tax Court did not pass directly on the validity of the regulations here involved, it had previously sustained their validity in Estate of David Smith v. Commissioner, 57 T.C. 650 (1972).

On appeal the petitioner relies primarily on the dissent expressed in the *Smith* case. The petitioner argues that the regulations impose an invalid and impermissible restriction on the availability of a deduction provided in the Internal Revenue Code. Because Michigan law allows these expenses to be charged against the probate assets, Congress, it is argued, has determined under § 2053(a) that they should be deductible for federal estate tax purposes as well.

The respondent relies on the majority approach expressed in *Smith*, to the effect that the provisions of § 2053(a) establish only a threshold consideration. When state law fails adequately to coincide with federal estate tax policies, as reflected in the Treasury Regulations, then the deduction should not be allowed. Cf. Pitner v. United States, 388 F.2d 651 (5th Cir. 1967). Consequently, the regulations are valid and must be complied with in order for the expenses to be deductible.

In Estate of David Smith v. Commissioner, *supra*, a sculptor died possessing various art works, valued in excess of four million dollars. Some of these art works were sold in order to satisfy claims against the estate, while others were sold in order to fund certain trusts established for the artist's daughters. The Tax Court disallowed the expenses for the sale of the art works whose proceeds were used to fund the trusts. The court reasoned:

> The clause "as are allowable by the laws of the jurisdiction * * * under which the estate is being administered," contained in section 2053(a), establishes a threshold and not an exclusive condition; the requirements of respondent's regulations must also be satisfied. Pitner v. United States, 388 F.2d 651, 659–660 (C.A.5, 1967); Estate of Christine Swayne, supra [43 T.C. 190]. Compare Estate of James S. Todd, Jr., 57 T.C. 288 (1971), where we held that the claimed expense had both been allowed by the Probate Court and was necessarily incurred to preserve the estate. Compare also Dauphin Deposit Trust Co. v. McGinnes, 208 F.Supp. 228, 237–238 (M.D.Pa.1962), affirmed on another issue 324 F.2d 458 (C.A.3, 1963), and

In re Bartlett's Estate, 153 F.Supp. 674, 678 (E.D.Pa.1957), both of which rested on a presumption of "necessity" under Pennsylvania law.

Clearly, there was no necessity under the will to sell the sculptures beyond the point necessary to discharge funeral and administration expenses and claims. Indeed, the will itself contemplated a distribution of the sculptures in kind to the trusts for the benefit of Smith's daughters. Smith was under no obligation to support his daughters after his death nor were his executors under any such obligation. In re Garcy's Trust, 19 A. D.2d 811, 243 N.Y.S.2d 464 (1st Dept. 1963). The trust was the vehicle for support and, if cash were necessary for that purpose, the trustees, not the executors, were the ones required to make the decision to sell and it is they who would have incurred the concomitant obligation to pay [the broker] its commission. To the extent that the executors made decisions to sell in order to provide support money, they were acting on behalf of the trust and not on behalf of the estate. Cf. Sharpe's Estate v. Commissioner, 148 F.2d 179, 181 (C.A.3, 1945). 57 T.C. at 661.

■■ We find this reasoning unpersuasive. First, it appears to have been recognized in this Circuit that the deductibility of an expense under 2053(a) (or its predecessor) is governed by state law alone. Union Commerce Bank v. Commissioner, 339 F.2d 163 (6th Cir. 1964); Goodwin's Estate v. Commissioner, 201 F.2d 576 (6th Cir. 1953). Second, the law of Michigan has elaborate statutory provisions for the administration of estates and the responsibilities of fiduciaries. These duties include the responsibility to defend and preserve the estate's assets. See, e. g., Mich. Compiled Laws Ann. § 704.1 et seq. (1968). Michigan statutes also establish that certain specific expenses are allowable as charges against the probate assets, an example being attorney's fees for the administrator. Mich. Compiled Laws Ann. § 704.33 (1968). The estate is under the supervision of the probate court during the probate period and annual accounting are required. Mich. Compiled Laws Ann. § 704.38 (1968). By the literal language of § 2053(a), Congress has left the deductibility of administrative expenses to be governed by their chargeability against the assets of the estate under state law. As otherwise stated, Congress has committed to the considered judgment of the states whether a particular expense is allowable as a proper or necessary charge against estate assets. In the situation before us, the expenses were admittedly allowable under Michigan law. They were paid out of probate assets and they were approved in two different accountings filed with the probate court. Hence they are deductible under § 2053(a).

The respondent would have us distinguish between what is necessary for the estate and what is for the individual benefit of the beneficiaries.[3] We decline to draw such a distinction, primarily because it is not warranted by the wording of § 2053(a). Also the distinction is untenable because any action that benefits the estate will also in effect benefit the beneficiaries. The real estate was non-income producing property. It represented a drain on the estate's other assets. A prudent fiduciary should be and perhaps is required to prevent the loss of probate assets when it may safely be avoided. If the fiduciary on the basis of his sound judgment, as approved by the probate court, feels that the estate would benefit by

---

3. The respondent also relies on the fact that the regulations have remained substantially unchallenged since they were promulgated in 1919. Congress has re-enacted § 2053(a) a number of times since 1919 in substantially the same form.

The reasons that the regulations have been infrequently challenged appears to us to be speculative at best, and their longevity is not a persuasive factor where the statutory language is clear and unambiguous as we deem it to be in this case.

the sale of the real estate (regardless of the wishes of the beneficiaries) the availability of the deductions under § 2053(a) should not be denied because the respondent does not deem the sale to have been necessary.[4] In view of our disposition of the case, we do not reach the petitioner's argument that the regulations were complied with.

Accordingly, the judgment of the Tax Court is reversed, and the action is remanded to that court with instructions to enter an order allowing the deduction for the claimed expenses under § 2053(a).

---

4. The respondent's reliance on Pitner v. United States, 388 F.2d 651 (5th Cir. 1967), appears to us to be misplaced.