ESTATE OF JOSEPH VATTER, DECEASED, ANNA VATTER, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7228-72. Filed December 31, 1975.

*Sydney R. Rubin,* for the petitioner.
*Bernard R. Baker III,* for the respondent.

634 

OPINION

The sole issue before us is whether the expenses of selling two improved parcels of real estate [3] that constitute the major part of the corpus of the testamentary trust are deductible as administration expenses under section 2053(a).[4]

---

[3] Respondent concedes the deductibility under sec. 2053(a) of the expenses of selling the Melville property because cash generated by that sale was necessary to pay existing administration expenses, taxes, and decedent's specific bequest to his wife.

[4] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—
* * *
(2) for administration expenses,

Respondent's position is that these selling expenses are not deductible administration expenses because they were not necessary within the meaning of section 20.2053-3, Estate Tax Regs., to pay decedent's debts, expenses of administration, or taxes, or to preserve the estate or to effect distribution. He also argues that the expenses were incurred for the benefit of the testamentary trustee and not for the estate.

Petitioner argues that the sales were necessary to effect the distribution of the residuary estate to the testamentary trust. Further, petitioner contends that section 2053(a) provides that administration expenses allowable as such under the laws of the jurisdiction in which the estate is being administered are deductible from the value of the gross estate. Thus she contends, in the instant case, that if the expenses of selling the two parcels of real estate are allowable administration expenses under New York law, a plain reading of section 2053(a) compels us to find the expenses to be deductible.

We think it clear, and respondent does not argue otherwise, that these selling expenses are allowable administration expenses under New York law. Secs. 11-1.1(b)(5) and (23) and 13-1.3(a), N.Y. Est., Powers & Trusts Law (McKinney 1967); *In re Estate of Saphir,* 73 Misc. 2d 907, 343 N.Y.S. 2d 20 (Kings County Surr. Ct. 1973); *In re Estate of Way,* 56 Misc. 2d 552, 289 N.Y.S. 2d 272 (Jefferson County Surr. Ct. 1967); see, N.Y. Temporary Commission on Estates, "Statutory Powers of Fiduciaries," Rep. No. 6.4C, Legislative Doc. (1964) No. 19. We also think that the selling expenses in issue are deductible under respondent's regulations, and, therefore, we find for the petitioner.

Respondent relies primarily on our holding in *Estate of David Smith,* 57 T.C. 650 (1972), affd. 510 F. 2d 479 (2d Cir. 1975), cert. denied 423 U.S. 827 (1975). We think *Smith* is distinguishable, and we follow *Estate of Louis Sternberger,* 18 T.C. 836 (1952), affd. 207 F. 2d 600 (2d Cir. 1953), revd. on other grounds 348 U.S. 187 (1955).

In the instant case, as in *Sternberger,* the proceeds from the sale of the real property became part of the residuary estate

---

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

bequeathed to the testamentary trust. In *Sternberger,* we said (18 T.C. at 842):

The proceeds of the sale were not needed to pay debts or expenses and consequently became part of the trust created by the residuary clause of the will. Although both the trustee and executor had the power to sell the property, the controlling fact is that the executor actually sold the real estate in the will and the proceeds subsequently became part of the residue under the will. * * *

Here, as in *Sternberger,* both the executrix of the estate and the trustee of the testamentary trust were given the power to sell the real property. Likewise here, the controlling fact is that the executrix actually sold the real estate, the proceeds becoming part of the residue under the will.

In *Estate of David Smith, supra,* the majority of this Court did not distinguish *Sternberger,* but relied instead on *Estate of Christine Swayne,* 43 T.C. 190, 201-202 (1964). *Swayne* distinguished *Sternberger* solely on the grounds that the issue involved in *Sternberger* was whether the expenses of selling the real property (which were deducted as administration expenses) were expenses of the estate or of the trust saying, 1.c. 202, "The question whether the sale was necessary was not involved." The issue in the instant case is identical to the issue in *Sternberger.*

In *Swayne* the real property sold (the decedent's residence) was *specifically devised,* and the proceeds from its sale were not part of the residuary estate. 43 T.C. at 193, 201. In *Smith,* the will contemplated a distribution to testamentary trusts of the property (sculptures) *in kind,* and the sales of the sculptures were consummated on behalf of the trusts. 57 T.C. at 661. In the instant case, the real property was neither specifically devised nor intended to be distributed in kind. The executrix acted on behalf of the estate fully within the authority given her by the will and by New York law in selling the real property.

We cannot agree with respondent that *Smith* impliedly overruled *Sternberger.* It is clear that in *Smith* we made a factual determination that the selling expenses were not allowable administration expenses under New York law. 57 T.C. at 661; 510 F. 2d at 482, 483. In the instant case, the selling expenses are allowable administration expenses under New York law. Secs. 11-1.1(b)(5) and (23), and 13-1.3(a), N.Y. Est., Powers & Trusts Law (McKinney 1967).

We do not need to resolve the question of the validity of respondent's regulations that is raised by petitioner's contention

that a plain reading of section 2053(a) impels the deductibility of the selling expenses. In the instant case, as in *Estate of David Smith, supra,* there is no conflict between the application of New York law and respondent's regulations, and anything that we would say herein regarding the validity of respondent's regulations would be obiter dictum.[5] *Estate of Smith v. Commissioner,* 510 F. 2d 479, 483 (2d Cir. 1975).

In the instant case, the corpus of the testamentary trust was to be the residue of decedent's estate which would be distributed as either real or personal property. In 1967, New York abolished the distinctions between real and personal property for purposes of estate administration. See Practice Commentaries to secs. 11-1.1 and 13-1.3, N. Y. Est., Powers & Trusts Law (McKinney 1967). Thus, under New York law the substance of the residuary estate was unaffected by the sales of the rental real estate.

The trustee did not wish to accept as trust property the rental real estate which comprised a substantial portion of the decedent's residuary estate.[6] Thus, in order for the residuary estate to be distributed to the trustee named in decedent's will, it was necessary for the executrix to sell the rental real estate. Therefore, the selling expenses were necessarily incurred to effect the distribution of the residuary estate to the testamentary trust within the meaning of section 20.2053-3(d)(2), Estate Tax Regs.

---

[5] The expenses of selling the real property would be allowable administration expenses under New York law even if not necessary within the meaning of sec. 20.2053-3, Estate Tax Regs. In this respect, New York law has changed since our decision in *Estate of David Smith,* 57 T.C. 650 (1972). Secs. 11-1.1(b)(5) and (23) and 13-1.3(a), N.Y. Est., Powers & Trusts Law (McKinney 1967), and Practice Commentaries thereto; *In re Estate of Saphir,* 73 Misc. 2d 907, 343 N.Y.S. 2d 20 (Kings County Surr. Ct. 1973). There is clear conflict in the courts over the deductibility from the value of the gross estate of expenses allowable as administration expenses by State law. The two principal opinions are as follows: (1) The literal language of sec. 2053(a) leaves to State law the determination of whether an expense is an allowable administration expense, and if the Federal court determines that the expense is so allowable, it is deductible from the value of the gross estate. *Estate of Park v. Commissioner,* 475 F. 2d 673 (6th Cir. 1973); *Ballance v. United States,* 347 F. 2d 419 (7th Cir. 1965); (2) Federal law (presumably respondent's regulations) governs the definition of "administration expense" and if the expense is an administration expense as defined by Federal law, then the court looks to State law to see if it is allowable; if both tests are met, then the expense is deductible. *Pitner v. United States,* 388 F. 2d 651 (5th Cir. 1967).

The Second Circuit, to which an appeal lies in this case, has not expressed a position in the conflict. *Estate of Smith v. Commissioner,* 510 F. 2d 479, 483 (2d Cir. 1975).

Although the question cries out for a definitive ruling, this case is not the proper vehicle for such a ruling because, as we find, *supra,* there is no conflict here between the application of State law and respondent's regulations.

[6] Both parties agree on brief that the properties were old and required maintenance and repairs which the trustee was neither equipped nor willing to provide.

The expenses of selling the rental properties are administration expenses allowable under New York law, and consequently, are deductible from the value of the gross estate under section 2053(a). In order to take into account the reasonable attorney's fees incurred by the estate in contesting the deficiency herein,

*Decision will be entered under Rule 155.*