704 F.2d 1227
 83-1 USTC P 13,521
 Suzanne MARCUS, as the Personal Representative of the Estate
of Stanley P. Rhein, Plaintiff-Appellant,
v.
Charles O. DeWITT, District Director, Southeast District,
Internal Revenue Service, Defendant-Appellee.
 No. 81-6115.
 United States Court of Appeals,
Eleventh Circuit.
 May 12, 1983.
 
 Robert G. Murrell, Sam E. Murrell & Sons, Orlando, Fla., for plaintiff-appellant.
 Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Asst. Atty. Gen., Stanley S. Shaw, Jr., Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER*, District Judge.
 R. LANIER ANDERSON, III, Circuit Judge:
 
 
 1
 Suzanne Marcus, as personal representative of the Estate of Stanley P. Rhein, ("Taxpayer") appeals from the summary judgment entered in the district court, 534 F.Supp. 55, in favor of the United States ("Government"), holding that the expenses incurred by the executor in selling the decedent's residence are not deductible as administration expenses for estate tax purposes.
 
 The following facts were stipulated:
 
 2
 The decedent, Stanley P. Rhein, died on April 28, 1976 [sic--April 18, 1976]. His will nominated the plaintiff, Suzanne Marcus, as the Personal Representative of his estate. By the terms of the will the plaintiff had the power to sell any and all of the property of the estate but the will did not specify that any particular asset should be sold.
 
 
 3
 By an Order dated May 28, 1976, the Probate Court ordered the sale of certain real property owned by the Testator in Orange County, Florida. As shown in the closing statement issued pursuant to the sale of the property, the Estate of Stanley P. Rhein incurred an expense of $1,881.80 in the sale of said property.On the estate tax return filed with the Internal Revenue Service in January, 1977, the above-mentioned expense was listed as an administrative expense. By letter dated November 7, 1977, the Internal Revenue Service informed the plaintiff that the audit changes to the Estate Tax Return filed on behalf of the Estate of Stanley P. Rhein required an addition to the estate of $445.60. This increase in tax resulted from the disallowance of the $1,881.80 expense from the sale of the property. Subsequent thereto, the tax was paid and a timely claim for refund was filed with the Internal Revenue. A notice of disallowance of the claim for refund was sent by the Internal Revenue Service to the plaintiff and subsequent thereto this suit was timely brought.
 
 
 4
 Record on Appeal at 92-93.
 
 
 5
 In addition, the summary judgment record discloses that Suzanne Marcus, daughter of the decedent, was the sole legatee under the will of Stanley P. Rhein and was appointed executor. The will provided for no specific legacies, and thus the residence and all other assets passed as part of the residue of the estate. As executor, she entered into a contract for the sale of decedent's residence on April 28, 1976, ten days after decedent's death, at a price of $24,450. The sale was approved by the state probate court on May 28, 1976, the court finding that "it would be in the best interest of the estate to approve said sale." Record on Appeal at 8. The sale was consummated on June 14, 1976, at a sales price of $24,450. The estate tax return was filed in January, 1977. It reflected federal estate taxes due in the amount of $13,787.52. It also listed savings accounts and certificates of deposit totaling $67,687.21. It listed the value of a residence at the date of death at $24,450.
 
 
 6
 The summary judgment record also includes an affidavit of Suzanne Marcus in which she swore that first publication of the Notice of Administration was on May 16, 1976. This notice advised creditors of the requirement that they file claims within three months from the date of the first publication of said notice. Accordingly, the time for filing such claims did not expire until August 16, 1976. Her affidavit also stated that the "residence was unoccupied and nonincome-producing and ... was rapidly depreciating in value, as well as requiring expenses for upkeep and lawn care so that it was necessary to sell said real property pursuant to the offer to obtain the highest price to preserve and protect the value of the estate." Record on Appeal at 117. A counter affidavit filed by the Government disputes the assertion that the residence was rapidly depreciating in value or that its sale was necessary in order to preserve the estate.
 
 
 7
 The district court granted summary judgment in favor of the Government. We reverse.
 
 
 8
 Section 2053 of the Internal Revenue Code allows a deduction for estate tax purposes "for administration expenses ... as are allowable by the laws of the jurisdiction ... under which the estate is being administered." 26 U.S.C.A. Sec. 2053(a) (West 1979). The relevant regulations provide that deductions for administration expenses "are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate .... Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions." Treas.Reg. 26 C.F.R. Sec. 20.2053-3(a) (1982). Treas.Reg. Sec. 20.2053-3(d)(2) provides: "Expenses for selling property of the estate are deductible if the sale is necessary in order to pay the decedent's debts, expenses of administration, or taxes, to preserve the estate, or to effect distribution."
 
 
 9
 Cases from two other circuits have held that a state probate court determination that an administration expense is allowable is controlling for purposes of the estate tax deduction. Estate of Park v. Commissioner, 475 F.2d 673, 676 (6th Cir.1973); Ballance v. United States, 347 F.2d 419, 423 (7th Cir.1965). However, the law is established for this circuit that the state probate court determination is not conclusive. Pitner v. United States, 388 F.2d 651, 659 (5th Cir.1967).[1] Although recognizing that a deduction must not only be allowable under state law, but must also be an "administration expense" within the meaning of the federal tax statute, the Pitner court acknowledged: "In most instances the interest of the federal government in protecting its revenue will coalesce with the interest of the state in protecting its citizens, and the state law may be relied upon as a guide to what deductions may reasonably be permitted for federal estate tax purposes." Id. at 659. Treas.Reg. Sec. 20.2053-1(b)(2) states the general rule in similar terms: "The decision of a local court as to the amount and allowability under local law of a claim or administration expense will ordinarily be accepted if the court passes upon the facts upon which deductibility depends."
 
 
 10
 The government's principal argument[2] in this case is that the deduction at issue was incurred for the benefit of the legatee, rather than for the benefit of the estate. In several cases, the deduction for administration expenses has been disallowed because the expense was incurred for the benefit of the beneficiaries, and not for the benefit of the estate. Estate of Posen v. Commissioner, 75 T.C. 355, 364-65 (1980) (disallowing deduction for sales expenses upon a finding that they were "made solely for the benefit of Posen as heir", where the "testimony clearly revealed that the sale of the cooperative apartment was based upon her personal predilections;" the court recognized the "narrow focus" and fact-sensitive nature of the decision); Estate of Smith v. Commissioner, 510 F.2d 479, 482 (2d Cir.), cert. denied, 423 U.S. 827, 96 S.Ct. 44, 46 L.Ed.2d 44 (1975); Estate of Carson, p 76073 PH Memo TC (residence passed outside will to wife as surviving joint tenant; her sale was solely for her personal benefit and not as a necessary step in the post-death disposition of her husband's property); Estate of Baldwin v. United States, 15 A.F.T.R. 1028 (D.C.S.D.Fla.1934) (sales expenses were incurred for the benefit of the devisees and not the estate where the real estate vested in the devisees at the date of testator's death).[3]
 
 
 11
 In contrast, other cases have allowed the deduction for administration expenses under circumstances very similar to the instant case. In Estate of Sternberger, 18 T.C. 836 (1952), aff'd, 207 F.2d 600 (2d Cir.1953), rev'd on other grounds, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246 (1955), expenses incurred by the executor in selling the decedent's residence were allowed as an administration expense. The will provided that decedent's wife and daughter could occupy the residence. However, they chose to live elsewhere, and the executor sold the property. The proceeds were not needed to pay debts or expenses, and the proceeds subsequently became part of the residuary trust.[4]
 
 
 12
 In Estate of Vatter, 65 T.C. 633, aff'd, 556 F.2d 563 (2d Cir.1976), the Tax Court followed its earlier decision in Sternberger, supra, and allowed the deduction for sales expenses. The expenses were allowable administration expenses under state law, were incurred during the period of administration, and the executor was authorized to sell the property. However, the funds were not needed to pay debts or taxes. The properties were old and required maintenance which the legatee, the residuary trustee, was neither equipped nor willing to provide.[5]
 
 
 13
 The Tax Court decision in Estate of Papson v. Commissioner, 73 T.C. 290 (1979), demonstrates the practical approach which is appropriate in evaluating the deductibility of such expenses. Under the circumstances of that case, the court rejected the government's attempt to disallow expenses incurred by the executor in leasing a shopping center which constituted a major asset of the residuary estate. The court recognized an executor's duty to make assets productive during the period of administration of an estate and to preserve the value of the estate. The court held that the expenses "facilitated the proper settlement of the estate," id. at 298, and that the "executor's action had the requisite degree of essentiality." Id. at 295.[6]
 
 
 14
 Referring to litigation expenses incurred by beneficiaries in a successful will contest suit, the former Fifth Circuit held that the expenses were deductible as administration expenses necessary to the settlement of the estate. Pitner v. United States, 388 F.2d 651 (5th Cir.1967). The court stated: "If the litigation in which the expenses were incurred facilitated the distribution of the property to the persons entitled to it then the expenses come within the statute." Id. at 660 (emphasis added).
 
 
 15
 We conclude from the foregoing cases that the proper evaluation--in determining whether an expense is necessary to preserve the estate and thus deductible--is a practical approach which takes into account the totality of the facts and circumstances.[7] The several reasons for the particular sale are significant, and may be conclusive, as in Estate of Posen, supra, where the sale was made for the sole benefit of the heir. Obviously relevant is the reasonableness of the executor's action and its apparent benefit to the estate. If the sale was made for the benefit of the estate, it is not significant that the beneficiaries are also benefited. The law is well established that such dual benefit does not affect deductibility. Pitner v. United States, 338 F.2d at 660 ("We agree that the plaintiffs were acting in their own self interest but we reject the conclusion that the litigation they undertook was not at the same time essential to the proper settlement of the estate."); accord Estate of Posen v. Commissioner, 75 T.C. at 365; Estate of Papson v. Commissioner, 75 T.C. at 295. Other options[8] available to the fiduciary, and the reasonableness thereof, are relevant, see note 2, supra, but must be tempered by the recognition that an executor obviously must have considerable discretion in making fiduciary decisions for the benefit of the estate. An executor has a fiduciary duty not only to collect assets, pay debts, claims and taxes, and distribute property to the legatees, but an executor also has a fiduciary duty during the limited period of administration to preserve the assets of the estate, to make the assets productive, and to invest same prudently where feasible and consistent with the testator's intentions. This will often involve the sale or rental of property.
 
 
 16
 The relevant cases are collected and discussed in 4 Mertens, Law of Federal Gift and Estate Taxation, Secs. 26.28 & 26.36. The test suggested by the treatise is a good synthesis of the case law: If it is reasonably necessary[9] to incur the expense during the normal course of the administration and for the benefit of the estate, then it is deductible. If it is incurred after the administration should have been completed, or if it is incurred for the benefit of the beneficiary and not the estate, then it is not deductible.
 
 
 17
 From the foregoing discussion of the applicable legal principles, it is apparent that the issue of whether the expenses at issue here were incurred for the benefit of the estate, or, on the other hand, were incurred for the benefit of the beneficiary and not the estate, is a fact-sensitive question which is not appropriate for summary judgment on the instant record. Clearly there are reasonable inferences[10]--from the state court's finding that the sale was in the best interests of the estate and from the affidavit of Suzanne Marcus--that it was reasonably necessary to incur the expenses at issue in the normal course of administration for the benefit of the estate for the purpose of preserving the estate. Accordingly, the summary judgment entered in favor of the government is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 18
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation
 
 
 [1]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209
 
 
 [2]
 The government also argues that there were ample liquid assets for payment of debts and taxes and thus the sale of the residence was not "necessary." Assuming arguendo, but expressly not deciding, that there were ample liquid assets to cover debts and taxes and that such liquid assets were readily accessible, such facts would be relevant only to the necessity of the sale for purposes of paying debts and taxes, but are not relevant to the propriety of the sale "to preserve the estate." The latter question is the crucial issue on this appeal
 The government also argues that the executor could have distributed the residence in kind, and thus avoided the expenses of the sale. However, in the normal course of administration of estates, major assets of an estate are ordinarily not distributed in kind within a few months after the decedent's death, especially when the asset has not been specifically devised, but is part of the residue of the estate, as here. See Estate of Papson v. Commissioner, 73 T.C. 290, 296 (1979) (executor was justified in keeping the estate open pending resolution of matters relating to federal estate taxes.) Moreover, the government's premature distribution argument would seem to be out of harmony with the Florida statutory provisions governing payment of claims, Fla.Stat.Ann. Sec. 733.701, et seq., and the provisions governing distributions from estates, Fla.Stat.Ann. Sec. 733.801, et seq. At the very least, it is clear that the executor here was under no duty to distribute the residence at the time of the sale, and that the beneficiary could not have compelled distribution. Id. Sec. 733.801. We construe Estate of Posen v. Commissioner, 75 T.C. 355, 363 (1980), to indicate merely that early distribution is to be considered as another option in the overall evaluation, if state law permits and if it would constitute good administration under the circumstances.
 The government also impliedly argues that the sale was not "necessary" because the executor could have leased the property. Obviously, a fiduciary is never faced with only a single option, and thus to suggest that there were other options just barely commences the necessary evaluation.
 
 
 [3]
 Other cases have disallowed the deduction because the taxpayer failed to sustain its burden of proof. See Estate of Swayne, 43 T.C. 190 (1964) (holding that there was an absence of evidence to establish that the sale of the residence was deductible)
 
 
 [4]
 Estate of Posen v. Commissioner, supra, "put to rest any question as to the continued validity of Estate of Sternberger v. Commissioner ... insofar as its [Sternberger 's] language may be interpreted as limiting the applicability of respondent's determinations as to allowability of ... [administration expenses] as determined by local law." 75 T.C. at 368 n. 16. Although the Tax Court has disavowed the Sternberger language implying that state probate court determinations are controlling, it did not overrule the holding in Sternberger which had been expressly followed in Estate of Vatter, infra, decided only a few years before Posen
 
 
 [5]
 Although Estate of Posen, supra, disallowed the deduction there at issue, it acknowledged that "[s]ynthesizing Vatter with the instant case ... is not without its difficulties" and placed great significance on the fact that the proper evaluation requires "a balancing of the several reasons for a particular sale ... and that such balancing may be influenced by variations in factual situations of each case." 75 T.C. at 364. As noted above, the narrow holding of Posen was that the sale there "was made solely for the benefit of Posen as heir." Id. at 365
 
 
 [6]
 In Estate of Posen, supra, the court similarly was "not unaware of the need for flexibility and the avoidance of mechanical counting of liquid assets in determining whether a particular expense meets the requirements." 75 T.C. at 365
 
 
 [7]
 The discussion in the text does not purport to exhaust the relevant facts and circumstances. For example, in determining whether a sale was made for the benefit of the estate or was made for the benefit of a legatee and not the estate, cases have suggested that the testator's intention that property be distributed in kind (e.g., a specific devise) is relevant. Estate of Posen v. Commissioner, 75 T.C. at 363; Estate of Vatter, 65 T.C. at 638
 
 
 [8]
 With respect to distribution as an alternative to sale, relevant considerations include not only the state statutory provisions governing distributions from estates, but more importantly, whether or not the fiduciary has unduly prolonged the administration of the estate beyond the time necessary for the orderly settlement of the estate. See Estate of Papson v. Commissioner, 73 T.C. at 396; 4 Mertens, Law of Federal Gift and Estate Taxation, Sec. 26.29. The summary judgment record in this case demonstrates that there is no issue here of undue prolongation of the period of administration. Thus, the Government is placed in the more tenuous posture of second-guessing a decision that is alleged, but on remand must be proved to be, a fiduciary decision. Cast in terms of the test articulated in the text below, the issue on remand will be whether the taxpayer can carry the burden of proof of showing that it was reasonably necessary to incur the expense during the normal course of administration to benefit the estate, in which case the expense is deductible, or, on the other hand, whether the evidence demonstrates that the expense was incurred to benefit Suzanne Marcus as legatee and not the estate, in which case the expense is not deductible
 
 
 [9]
 Mertens, supra, at Sec. 26.36, pp. 133-34, describes this aspect of the test using the term "reasonably necessary." Treas.Reg. Sec. 20.2053-3(d)(2) uses the same term
 
 
 [10]
 The standards governing the grant or denial of summary judgment need not be restated. It is appropriate, however, to note that:
 Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts.... If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment.
 Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc., 669 F.2d 1026, 1031 (5th Cir.1982) (Unit B). In Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. Id. at 34.