**ESTATE OF Constance R. GRANT, Deceased, P. Walker Grant, Jr., Personal Representative, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Docket No. 00–4066.

United States Court of Appeals, Second Circuit.

Submitted: March 22, 2002.

Decided: ·June 21, 2002.

(Robert S. Pratt, Pratt Vreeland Kennelly Martin & White, Ltd., Rutland, VT), for Petitioner–Appellant.

(Eileen J. O'Connor, Assistant Attorney General of the United States, Jonathan S. Cohen and Marion E.M. Erickson, Attorneys, Tax Division, Department of Justice, Washington, DC), for Respondent–Appellee.

Before OAKES and STRAUB, Circuit

Judges.*

OAKES, Senior Circuit Judge.

This case concerns the proper interpretation of the federal tax code provision 26 U.S.C. § 2053 (2001) as it relates to the deduction of costs for administering an estate. We find no error in the Tax Court's reasoning or conclusions, and affirm with a short opinion in order to clarify our court's position as to whether administration expenses must be found allowable under both federal and state law in order to be deductible under § 2053.

The factual background to this appeal is easily summarized. In 1991, Constance R. Grant conveyed most of her property to a trust which provided that the property would be distributed to her two children upon her death. Grant died in April 1994 in Montgomery County, Maryland, leaving her children as her sole heirs and the personal representatives of her estate. In December 1994, the estate filed a federal Estate Tax Return valuing the estate at $865,480 in trust assets and $11,253 in non-trust assets. The estate claimed administration expenses of $48,102, which included $16,875 in personal representatives' fees.

Three years later, the Commissioner of Internal Revenue issued a statutory notice of deficiency determining that the estate owed additional tax because the personal representatives' fees, as well as some other administrative expenses, were not deductible in the amount claimed.

The estate petitioned the United States Tax Court for a redetermination. The court reasoned that under 26 U.S.C. § 2053 and Maryland law the estate could claim personal representatives' fees only on the non-trust assets of the estate, but

was entitled to trustee commissions on the trust assets. The court also limited the amount of miscellaneous expenses that could be deducted by the estate because most of the expenses claimed were not necessary to administering the estate's assets. The court therefore concluded that the estate was entitled to deduct $1,012.77 in personal representatives' fees, $5,720 in trustees' commissions, and $3,100 in additional administrative expenses. The estate has appealed this determination.

■ The primary issue raised by the estate's appeal is whether in order to be deductible under § 2053 an administration expense must meet the requirements of both state and federal law or, in the alternative, simply be allowable under state law. The Tax Court found that it was not sufficient for the personal representatives' fees simply to be allowable under Maryland law, and that those expenses must also meet the requirements of § 2053. We agree.

Section 2053 allows for deductions for administration and certain other expenses "as are allowable by the laws of the jurisdiction ... under which the estate is being administered." While the statute does not define "administration expenses," the applicable Treasury regulation provides that administration expenses "are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate." 26 C.F.R. § 20.2053–3(a) (2001). The Treasury regulations further state that "[t]he expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of an estate to individual beneficiaries or to a trustee[.]" *Id.*

---

* Honorable Wilfred Feinberg, *Circuit Judge,* the third member of the panel, recused himself before the date of submission.

Many of our sister circuits have concluded that finding an expense allowable under state law is simply a threshold requirement that must be satisfied before considering § 2053's federal requirements for allowability. *See Estate of Millikin v. Comm'r,* 125 F.3d 339, 344 (6th Cir.1997); *Estate of Love v. Comm'r,* 923 F.2d 335, 337–38 (4th Cir.1991); *Marcus v. DeWitt,* 704 F.2d 1227, 1229–30 (11th Cir.1983); *Hibernia Bank v. United States,* 581 F.2d 741, 744–46 (9th Cir.1978); *Pitner v. United States,* 388 F.2d 651, 659 (5th Cir.1967). These federal requirements, which are set forth in the regulations, include that the expense be "necessary," that it be for the benefit of the estate rather than for the beneficiaries, and that it be a result of the transfer of property. *Estate of Love,* 923 F.2d at 337–38; *Hibernia Bank,* 581 F.2d at 746.

Our court has never directly addressed the question whether allowability under § 2053 rests on both state law and federal law requirements. In *Estate of Smith v. Comm'r,* however, the majority indicated its agreement with the conclusion of the Fifth Circuit in *Pitner* that the allowability of an expense under § 2053 is "ultimately a question of federal law." 510 F.2d 479, 482–83 n. 4 (2d Cir.1975). We said there that "federal courts cannot be precluded from reexamining a lower state court's allowance of administration expenses to determine whether they were in fact necessary to carry out the administration of the estate[.]" *Id.* at 482–83.

■ Today we hold explicitly what we implicitly determined in *Estate of Smith:* that in order for an expense to be deductible under § 2053, it must qualify as an "administration expense" under both the applicable state law and the federal law as delineated in the Treasury regulations. In so holding, we join the consistent position taken by the other circuits that have examined this issue.

The estate argues that the Tax Court erroneously applied the legal standard discussed above to preclude the bulk of the personal representatives' fees it claimed. Specifically, the estate challenges the court's conclusion that the personal representatives' fees are limited under federal and Maryland law to a percentage of the $11,253 of non-trust assets rather than to a percentage of the entire estate. The court found that most of the time spent by the personal representatives was devoted to handling the trust assets rather than the probate property in the estate. Because the assets of the trust passed to the beneficiaries by operation of law and the transfer did not require action by the personal representatives, the court concluded the time spent on trust assets did not qualify as "necessary" for the administration of the estate under § 2053.

We do not believe the Tax Court's conclusion was clearly erroneous. As recognized in *Hibernia,* "[t]he federal estate tax is not a tax on the decedent's property, but rather a tax on the *transfer* of that property." 581 F.2d at 746 (emphasis in original). By choosing to convey the bulk of her assets through a trust, Grant limited the amount of her property that was transferred in her estate and consequently limited the estate's tax deduction for administration expenses. We think the court's decision to allow the maximum amount of personal representatives' fees based on the value of the estate assets as well as the maximum amount of trustees' fees based on the value of the trust assets was an appropriate determination.

We have considered the estate's arguments with respect to the claimed miscellaneous expenses and find them to be without merit.

## CONCLUSION

The decision of the Tax Court limiting the administration expenses allowable to the estate is affirmed.